[No. 2,621.]

## D. ROBINSON *v.* C. ROBINSON.

DEFECTIVE FINDINGS—PARTNERSHIP. — D. R. sued C. R. for the recovery
of money alleged to be due as part of the purchase price of land held in
common; C. R. denied the debt, alleged a copartnership and an indebted-
ness by D. R. to him; he demanded judgment for a dissolution of the
copartnership, an accounting, and a sale of the land.   The Court decreed a
sale of the land and the payment of a sum of money to D. R., the remain-
der of the proceeds to be equally divided between the parties.  The record
failed to show findings as to the existence of the copartnership, or as to the
tenancy in common.   On appeal from the judgment upon the judgment roll
alone: *held*, that the judgment must be reversed and the cause remanded
for a restatement of account between the parties, or for a new trial, as the
Court below may direct.

APPEAL from the District Court of the Second Judicial
District, Plumas County.

The complaint alleges that the plaintiff and defendant
own a tract of land in common; that the plaintiff desires a
partition, but the partition cannot be made without preju-
dice to the rights of the parties; that the defendant pur-
chased his interest from the plaintiff, and that part of the
purchase money remains unpaid; wherefore, he prays that
the defendant's interest be sold to pay the debt.

The answer denies the tenancy in common, or that the
defendant purchased from the plaintiff, or that he owes him
anything; and alleges a partnership in the purchase of the
land, with an agreement to cultivate it and share the profits;
that the defendant paid his portion of the purchase money;
that the deed was given to the plaintiff alone subject to the
agreement; that since the purchase the defendant has ex-
pended large sums of money for labor, materials, improve-
ments, and cultivation, and that the plaintiff has received
the profits and failed to account for them; wherefore, the
defendant demands judgment for a dissolution of the copart-
nership, an accounting, and a sale of the land.

The case was tried by the Court without a jury, and the following findings were filed:

" That plaintiff bought the real estate set out in the complaint in the Spring of 1867, on the joint account of himself and the defendant, and that plaintiff took the deed to said premises in his own name by consent of defendant. That in 1867 it became necessary to the use of said premises that a good and substantial barn should be erected thereon, and that plaintiff did erect such a barn, at the cost of one thousand one hundred dollars; that the cost of the premises was the sum of one thousand six hundred and twenty dollars, as purchase money. That in 1867 the rents, issues, and profits of said land or farm were equal to the expenditures made by plaintiff in the gathering and sowing the crops thereon. That in the year 1868 plaintiff received from said farm rents, issues, and profits to the amount of four hundred dollars. That in the year 1869 defendant and the plaintiff, by his tenant, jointly occupied and farmed said land and divided the proceeds thereof. That the accounts of plaintiff for advances and expenditures in connection with the purchase and improvement and management of the same are as follows:

" Cash paid as purchase money............................$   810   00
" Cash paid for necessary improvement (barn)...... 1,000   00
" Cost of corral about the barn............................    25   00
" Cash paid for taxes for 1867 and 1868...............    52   00
" Cost of making door and window frames............    17   50
" Cost of harrow for farm..................................    16   00
                                                      _____
                                                      $2,020   50

" Amount received by plaintiff from ranch, all
          sources, all items .................................. $400   00

" That the account of defendant for advances and expen-

ditures in connection with the purchase, improvement, and management of said land or farm is as follows:

" Cash paid as purchase money...........................$  875 00
" Cash paid plaintiff for advances for improve-
          ments...............................................  100 00
" Cash paid plaintiff for advances......................   84 00
" Cash paid plaintiff for advances......................   10 00
" Cash paid plaintiff for advances......................   50 00
" Cash paid plaintiff for advances......................   45 00
" Order to plaintiff........................................   39 00
" Order to plaintiff, advance.............................   20 00
" Other advances, in hauling hay, baling, board
          hands, etc............................................  100 00
" The increased value of the farm by the erection
          of dwellings by the defendant.................  400 00
" One half the receipt from farm in 1868............  200 00
                                                    _____
                                                    $1,923 00

" Plaintiff's advances, etc., brought down............ $2,020 00
" Balance due plaintiff.....................................  $97 50

" Defendant purchased for the farm, at various
          times, a wagon, value.............................$  125 00
" One plow...................................................   10 00
" Shovel, hoe, etc............................................    4 50

" These articles are still on the farm, and in use by the defendant, and can be retained by him, and require no sale or distribution.

" All other matters given in evidence do not, in the opinion of the Court, warrant the equitable consideration insisted upon by counsel. They are matters, under all the circumstances and situation of the parties, in a great measure compensated or set off in the various farm matters.

" The value set for the house is from all the evidence as

to cost and present increased value of the land, and under the fact that defendant erected it more in view for his own convenience than with regard to the increased value of the land."

The Court rendered a decree for the sale of the land, and ordered that from the proceeds ninety-seven dollars and fifty cents be paid to the plaintiff, and that the remainder be divided equally between the parties. The defendant appealed.

*H. L. Gear,* for Appellant.

*J. O. Goodwin,* for Respondent.

By the Court, SPRAGUE, J.:

From the record in this case, I understand the Court in its findings of fact, to state an account of the respective parties, plaintiff and defendant, with a partnership or firm, composed of plaintiff and defendant as equal partners. If I am correct in this, and assuming the second, third, fourth, fifth, sixth, seventh, and eighth items, credited to defendant in his account as stated, to have been advances by him on partnership account, and not advances by plaintiff to him individually (as indicated by these items as entered in the account), then the account, as presented in the findings, discloses upon its face three manifest errors:

First—In not charging plaintiff, in his account with the partnership, with the four hundred dollars received by him of the proceeds of the ranch;

Second—In crediting defendant, in his account with the partnership, with two hundred dollars—the one half of plaintiff's receipts from the ranch; and

Third—In not crediting the defendant, in his said account,

with one hundred and thirty-nine dollars and fifty cents expended by him for farming utensils used upon the ranch.

With these corrections the plaintiff's account with the partnership would show advances on partnership accounts in excess of his receipts of partnership funds in the sum of one thousand six hundred and twenty dollars and fifty cents, and the defendant's account with the partnership would show advances by him on partnership account to the amount of one thousand eight hundred and sixty-two dollars and fifty cents, and no receipts; and, thus corrected, would show a balance in favor of defendant of two hundred and forty-two dollars, which he should receive from the proceeds of the sale of all the partnership assets after payment of the costs and expenses of this proceeding; and the residue of the proceeds of such sale should be equally divided between the plaintiff and defendant.

But from the entries in defendant's account with the firm, as found in the record, it would appear that the second, third, fourth, fifth, sixth, seventh, and eighth items credited to him as advances on partnership account, were really advanced to plaintiff individually, and not for the use, or on account of the partnership. With these seven items, and the item of two hundred dollars (half of plaintiff's receipts from ranch), left out of defendant's account with the firm, such account would show the aggregate of defendant's advances on partnership accounts to be one thousand five hundred and fourteen dollars and fifty cents.

It is, however, by no means clear from the record presented, that the Court below, in its findings and decree, proceeded upon the basis of a partnership between plaintiff and defendant in the purchase and conduct of the ranch. There is no direct finding of the existence of such a partnership, nor is it found that the ranch was held and owned by the parties as tenants in common, and not as partners.

This appeal is taken simply from the judgment upon the

Statement of Facts.

judgment roll alone, and by reason of errors apparent upon the record, as presented, the judgment must be reversed and the cause remanded for a restatement of account between the parties, or a new trial, as the Court below may direct.

And it is so ordered.

RHODES, C. J., concurring specially:

I concur in the judgment.

Mr. Justice CROCKETT expressed no opinion.